Filing # 95951554 E-Filed 09/19/2019 09:33:38 AM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

CELENA GRANT,

      Plaintiff,                         CASE NO.:

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____/

**RECEIVED**

**DEC 0 6 2019**

**FL Dept. of Corrections**
**Office of General Counsel**

## COMPLAINT

Plaintiff, CELENA GRANT, hereby sues Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and alleges as follows:

### JURISDICTION

1.    This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statute § 760.10 and 42 U.S.C. §1981 for claims which are in excess of Fifteen Thousand Dollars ($15,000.00) and for equitable and ancillary relief.

### CONDITIONS PRECEDENT

2.    Plaintiff has satisfied all conditions precedent to filing this action in that she timely filed a charge of discrimination with the EEOC. She subsequently received a Notice of Right to Sue from the EEOC. This action is timely filed thereafter.

## THE PARTIES

3.    Plaintiff, Celena Grant ("Grant" or Plaintiff), is a resident of Florida. She worked in Florida for Defendant at the offices in Tallahassee, Florida. She is a member of a protected class due to her race, black; her sex, female; and due to making protected disclosures.

4.    Defendant, FLORIDA DEPARTMENT OF CORRECTIONS ("FDOC" or Defendant), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF FACTS

5.    Plaintiff was employed with Defendant from December 4, 2008 until her termination on August 27, 2018.

6.    Plaintiff is an African American female.

7.    At the time of her termination Plaintiff served as Human Resources Manager B.

8.    From the time of her hiring until 2015 Plaintiff had no issues with her employment, had not received any discipline and received 4.0 ratings or above on her performance evaluations.

9.    In 2015 Plaintiff began reporting to a new Director of Human Resources, Brett Shively, a white male.

10.    After 2015, under the direction of Mr. Shively, Plaintiff's job duties were increased without an increase in her compensation. Plaintiff requested an increase in pay, however Mr. Shively denied her request.

2

11.    In 2016, the position of Bureau Chief became available and Plaintiff expressed interest in the position. This position would come with a substantial pay increase. Plaintiff, was not considered for this position and instead, Taina Cowan, a white female, was awarded the position and Plaintiff began reporting to her in addition to Mr. Shively.

12.    After Ms. Cowan was hired Plaintiff again requested an increase in pay, as white employees were given pay increases when their duties expanded. This request was also denied.

13.    In January 2017, Plaintiff's schedule was changed and she was no longer allowed to work a flexible schedule, including working half days on Fridays.

14.    In February 2017, Plaintiff met with Ms. Cowan to report her concerns of race and gender inequality within the department.

15.    In March 2017, Plaintiff also met with Chief of Staff, Mr. Steven Fielder, a white male, about concerns of race and gender discrimination and to request a pay increase. This request was also denied.

16.    In March 2017, in retaliation for reporting her concerns of discrimination, the negative and discriminatory treatment against Plaintiff increased.

17.    After Plaintiff's complaints, Ms. Cowan began making false accusations about Plaintiff to Mr. Fielder.

18.    After Plaintiff's complaints there was an increase in scrutiny of her work and she was presented with unrealistic deadlines or projects.

19.    After Plaintiff's complaints she was harassed about leave requests.

20.    After Plaintiff's complaints, she began to receive inaccurate, lower performance evaluations.

3

21.     In October 2017, Plaintiff had a meeting with Mr. Shively and Ms. Cowan regarding Hurricane Irma strategy. During the meeting, Mr. Shively became aggressive and hostile toward Plaintiff, including slamming his hands on his chair, jumping out of his seat and stomping around the office.

22.     After the meeting, Plaintiff complained to Ms. Cowan that this behavior was inappropriate and men were not subjected to such treatment.

23.     In October 2017, Plaintiff filed a complaint with the Office of Inspector General for the Department of Corrections regarding the discriminatory and retaliatory treatment at the department. This request was not investigated by the IG's office and instead was referred to Mr. Fielder for handling. Mr. Fielder closed Plaintiff's complaint without an investigation.

24.     In January 2018, the Bureau Chief position became available again after the demotion of Ms. Cowan. Plaintiff again was not considered for the position and instead Amy Bryant, a white female, was appointed to the position of Bureau Chief.

25.     Plaintiff has more experience than Ms. Bryant, was previously her supervisor, and holds a master's degree, which Ms. Bryant does not.

26.     In February 2018, Plaintiff was notified that she would be suspended for 24 hours without pay in retaliation for her complaints of discrimination and retaliation. Plaintiff complained to both Janie Westberry, Director of Administration, and David Arthmann, Director of Human Resources, that the suspension was retaliation for her complaints of discrimination.

27.     In March 2018, Plaintiff filed a charge of discrimination with the EEOC and FCHR complaining of discrimination based on her race and sex an in retaliation for making complaints of discrimination.

4

28.    On August 27, 2018, during the pendency of that charge, Plaintiff's employment was terminated.

**COUNT I**
**RACE DISCRIMINATION**
**TITLE VII**

29.    The foregoing paragraphs 1-28 are incorporated herein as if set forth in full.

30.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §§ 2000e et seq.

31.    Plaintiff has been the victim of discrimination and has been subjected to differential treatment on the basis, at least in part, of her race.

32.    Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

33.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

34.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §§ 2000e *et seq.*

35.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have

occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## GENDER DISRIMINATION
## TITLE VII

36.     Paragraphs 1-28 are re-alleged and incorporated herein by reference.

37.     The foregoing actions of Defendant constitute unlawful discrimination in violation of Title VII.

38.     Male employees were not subjected to the same treatment as Plaintiff.

39.     Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

40.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

41.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §§ 2000e *et seq.*

42.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have

occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT III
## RETALIATION
## TITLE VII

43.    Paragraphs 1-28 are hereby re-alleged and reincorporated as if set forth in full herein.

44.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title VII of the Civil Rights Act of 1991.

45.    The foregoing unlawful actions by Defendant were purposeful.

46.    Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's denial of promotional positions, denial of raises, and her termination.

47.    Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

48.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have

occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT IV
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992,
### FLORIDA STATUTES § 760.10 RACE DISCRIMINATION

49.     Paragraphs 1-28 are re-alleged and incorporated herein by reference.

50.     Defendant discriminated against Plaintiff on the basis of her race with respect to terms, conditions, and privileges of her employment which led to the denial of promotional positions, denial of raises in compensation and her termination in violation of § 760.10(1)(a) and (b), Florida Statutes.

51.     Plaintiff is a member of a protected class within the meaning of the applicable law.

52.     The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

53.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
### FLORIDA STATUTES § 760.10 GENDER DISCRIMINATION

54.     Paragraphs 1-28 are re-alleged and incorporated herein by reference.

55.    The foregoing actions of Defendant constitute unlawful discrimination in violation of the FCRA.

56.    Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

57.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

58.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

59.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES § 760.10 RETALIATION

60.    Paragraphs 1-28 are re-alleged and incorporated herein by reference.

61.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her in violation of § 760.10(1)(a) and (b), Florida Statutes.

62.    Plaintiff is a member of a protected class within the meaning of the applicable law.

63.    Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's denial of promotional positions, denial of raises in compensation and her termination.

64.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

**COUNT VII**
**RACE DISCRIMINATION**
**42 U.S.C. §1981**

65.    Paragraphs 1-28 are re-alleged and incorporated herein as if set forth in full.

66.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

67.    Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendant and was subjected to differential

treatment resulting in her failure to receive promotions, raises in compensation and ultimately was terminated on the basis of, at least in part, her race.

68.    Defendant is liable for the discriminatory treatment towards Plaintiff.

69.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

70.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

71.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted this 19th day of September, 2019.

/s/ Tiffany R. Cruz
Tiffany R. Cruz, FBN 90986
FRIEDMAN, ABRAHAMSEN & CRUZ
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Facsimile: (850) 270-6927
Tiffany@fa-lawyers.com
Paralegal@fa-lawyers.com

ATTORNEYS FOR PLAINTIFF